IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv326-02-C
(3:04cr197-3-C)

| | |
|---|---|
| CORY MITCHELL ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before this Court upon the petitioner's Motion To Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons stated below, the petitioner's motion will be dismissed as time-barred.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 28, 2004, the defendant and two other men were indicted for charges relating to an armed jewelry store robbery. (Case No. 3:04cr197-3, Doc. No. 1). Specifically, the indictment alleged a conspiracy to obstruct, delay and affect commerce by robbing a jewelry story, in violation of 18 U.S.C. § 371 (Count One); Hobbs Act robbery, or aiding and abetting that offense, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, or aiding and abetting that offense, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three).

On or about November 1, 2004, the petitioner entered into a written Plea Agreement with the government involving guilty pleas to Counts Two and Three and dismissal of Count One. (Case No. 3:04cr197-3, Doc. No. 14). On November 18, 2004, the petitioner appeared before a

magistrate judge for a Plea and Rule 11 Hearing. After hearing the petitioner's responses under oath, the court determined that his pleas were knowingly and voluntarily entered. (Case No. 3:04cr197-3, Doc. No. 15).

On May 25, 2006, the Court held the petitioner's Sentencing Hearing. At the outset of that hearing, the petitioner affirmed his responses to the magistrate judge that he was guilty of the charges to which he had entered pleas. Based on the petitioner's representations and the stipulated offense conduct in the Presentence Report, the Court found that the petitioner's guilty pleas were knowingly and voluntarily made, and were supported by a factual basis.[1] Accordingly, the Court accepted the guilty pleas. There were no objections from either party regarding the calculation of the advisory guideline range. After hearing from the petitioner, robbery victims, and counsel, the Court sentenced the petitioner within the advisory guideline range to 105 months' imprisonment on Count Two, and 84 months' imprisonment consecutively on Count Three. The Court's Judgment imposing the sentence was entered on June 27, 2006. (Case No. 3:04cr197-3, Doc. No. 67).

The petitioner admits that he did not directly appeal either his convictions or sentences. (Doc. No. 1: Motion at ¶ 8). Rather, on August 8, 2007,[2] the petitioner filed the instant Motion

---

[1] That offense conduct included the petitioner's striking a store clerk in the face with his fist, then pointing a handgun at her while tying her wrists. (PSR at ¶ 6). In its sentencing argument, the government highlighted the fact that the petitioner personally brandished a firearm during the robbery, which the petitioner did not dispute.

[2] The petition was entered by the Clerk's Office on August 13, 2007. However, the date of delivery to prison authorities for mailing is considered the date of filing for incarcerated litigants. Houston v. Lack, 487 U.S. 266 (1988). For purposes of this motion, the Court will give the petitioner the benefit of the earliest possible date, that is the date he indicated that he signed the motion, for considering the motion filed.

to Vacate in which he raises seven claims for review. Specifically, he alleges that: (1) he actually is innocent aiding and abetting the brandishing of a firearm; (2) the application of 18 U.S.C. § 2 was unreasonable in his case; (3) he was subjected to double jeopardy by virtue of his convictions under §§ 1951 and 924(c); (4) the "Separation of Powers Doctrine" was violated by the imposition of "cumulative and consecutive sentences;" (5) the Supremacy Clause was violated when he was sentenced in accordance with a state law principle as opposed to federal law; (6) he was received ineffective assistance of counsel when misled into believing that he had to plead guilty to the gun under a state law; and (7) the Court violated the ruling from Bailey v. United States, 516 U.S. 137 (1995) by imposing a sentence when he never actually possessed a firearm during the predicate crime.

II.     ANALYSIS

Rule 4(b) of the Rules Governing Section 2255 Proceedings, directs sentencing courts to promptly to examine motions to vacate. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief, the reviewing court must dismiss the motion.[3] Actions under 28 U.S.C. § 2255 are subject to a one-year limitations period. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[3] If the motion is not dismissed, the court must order the government to file an answer.

> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. A district court may dismiss a motion sua sponte when it is not timely filed. See e.g. United States v. Sosa, 364 F.3d 507, 510 (4th Cir. 2004) (dismissing appeal of sua sponte dismissal of § 2255 motion filed after one-year limitations period).

It appears that the petitioner recognized that his Motion to Vacate could be construed as time-barred. Question 18 on his motion form provided notice of the limitations period and required him to explain why his motion is not time-barred since his judgment of conviction became final more than one year ago. (Doc. No. 1: Motion at ¶ 18). In response, he argues that, pursuant to Clay v. United States, 537 U.S. 522 (2003), the limitations period did not begin until 90 days after his judgment was entered and finalized. Thus, he contends that he had until August 25, 2007, to file his motion.

In Clay, the Supreme Court held that when a defendant files a direct appeal, but then does not seek certiorari review, the judgment becomes final when the time expires for filing a petition for certiorari contesting the appellate court's determination. Id. at 532. However, this rule does apply in the instant case because the petitioner did not file a direct appeal. Rather, as several courts have decided, when a defendant does not file a direct appeal, the judgment becomes final when the ten-day time period in Fed. R. App. P. 4(b) for filing such an appeal expires. United States v. Wilson, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J. concurring) (citing Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999)); See United States v. Michel-Galaviz, 163

4

Fed. Appx. 743, 745 (10th Cir. 2006) (unpublished); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Maderos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

Here, the Judgment was entered on June 27, 2006. (Case No. 3:04cr197-3, Doc. No. 67). When the ten-day period for filing a direct appeal expired on July 12, 2006, without the petitioner filing a notice of appeal, the Judgment became final. Accordingly, it plainly appears from the motion, considered filed on August 8, 2007, that the petitioner is not entitled to relief because it was filed after the one-year limitations period had expired.[4]

III.    CONCLUSION

Motions to Vacate under 28 U.S.C. § 2255 must be brought within the limitation period prescribed by that statute. Here, the petitioner failed to meet that requirement, and failed to establish any other basis for construing his motion as timely filed.

**IT IS, THEREFORE, ORDERED** that the petitioner's Motion to Vacate (Doc. No. 1) is **DISMISSED**.

Signed: August 22, 2007

Robert J. Conrad, Jr.
Chief United States District Judge

---

[4]The petitioner does not allege, nor does the Court's review of the record reveal, any basis to invoke equitable tolling on the basis of a "rare instance[]" which would make it unconscionable for this Court to enforce the limitation period against him and gross injustice would result. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); Sosa, 364 F.3d at 511-13 (petitioner's misunderstanding about limitations period insufficient).